UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALIF TARIQ ABDULLAH,<br><br>                          Plaintiff,<br><br>-against-<br><br>DEPARTMENT OF CORRECTIONS; SGT.<br>S. LEON; SUPERINTENDENT J. WILCOX,<br><br>                          Defendants. | 25-CV-0694 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained at the Robert N. Davoren Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights when he was incarcerated in Attica Correctional Facility. Named as Defendants are the "Department of Corrections," which the Court understands to be the New York State Department of Corrections and Community Supervision ("DOCC"); Attica Sergeant S. Leon; and Attica Superintendent J. Wilcox. On January 27, 2025, the court received from Plaintiff a supplement to the original complaint. (ECF 5.) The Court construes the complaint and the supplement as a single operative pleading. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at Attica Correctional Facility, which is located in Wyoming County, which falls within the Western District of New York. *See* 28 U.S.C. § 112(d).[1] He does not plead the residence of any of the defendants; he provides only their Attica, New York work addresses.[2] Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Western District of New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Attica Correctional Facility, venue would also be proper under Section 1391(b)(2) in the Western District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[1] Although the complaint includes brief reference to events that occurred at a shelter run by the New York City Department of Homeless Services, those events are only tangentially related, if at all, to the events that form the basis of Plaintiff's claims.

[2] While DOCCS, a New York State agency, can be considered to reside in every district in the state, any claims Plaintiff seeks to assert against it are barred by the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."); *Bryant v. New York State Dep't of Corr. Servs.*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001) (DOCCS, then known as Department of Correction Services, enjoys Eleventh Amendment immunity).

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at Attica Correctional Facility in Wyoming County, where the individual defendants are employed, and it is reasonable to expect that the relevant documents and witnesses also would be in Wyoming County. The Western District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 11, 2025
        New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge