UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KHALIF TARIQ ABDULLAH,

    Plaintiff,

v.

SUPERINTENDENT JULIE WOLCOTT, SGT. STACEY LEONE, SGT. GUZERK, JOHN DOE, JANE DOE #1, and JANE DOE # 2,[1]

    Defendants.

_____

25-CV-6118-MAV

ORDER

# INTRODUCTION

*Pro se* plaintiff Khalif Tariq Abdullah, an inmate currently confined at the Auburn Correctional Facility, initiated this action by filing a complaint asserting claims under 42 U.S.C. § 1983. ECF No. 1. He also requested leave to proceed *in forma pauperis* ("IFP"), which the Court granted. ECF No. 16.

# BACKGROUND

Because Plaintiff is a prisoner proceeding IFP, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b). ECF No. 21 (the initial screening order). In the initial screening order, the Court permitted Plaintiff's retaliation and failure to protect claims against Superintendent Julie Wolcott

---

[1] The Clerk of Court is requested to amend the docket as set forth above.

("Wolcott") and Sgt. Stacey Leone ("Leone") to proceed to service and allowed Plaintiff to amend his equal protection and defamation claims. *Id.* at 4-8.

Plaintiff then filed an amended complaint. ECF No. 22. The Court screened Plaintiff's amended complaint and concluded that the retaliation, failure to protect, equal protection, and defamation claims against Wolcott and Leone would proceed to service. ECF No. 25.

Before service began Plaintiff filed two letters, which the Court construed as a motion to amend his amended complaint and invited Plaintiff to file a proposed second amended complaint. ECF No. 28. Plaintiff did so, ECF No. 30, and the Court accepted the second amended complaint for filing, ECF No. 34.

In the meantime, Plaintiff opened a second civil case. *See Abdullah v. Guzerk*, Case No. 6:26-cv-06097-MAV (W.D.N.Y. Jan. 23, 2026). Because the claims in both actions, *see* 25-cv-6118 (ECF No. 30) and 26-cv-6097 (ECF No. 1), involve common questions of law and fact regarding events that occurred at Attica Correctional Facility stemming from Attica officials labeling Abdullah a "snitch," the Court consolidated the two actions and deemed the complaint in 26-cv-6097 a supplemental complaint in the instant case. ECF No. 35.

As the operative pleading, the second amended complaint and supplemental complaint (ECF Nos. 30, 30-1) are now before the Court for screening.[2]

---

[2] The Court presumes Plaintiff's familiarity with the initial screening order (ECF No. 21) and the order screening the amended complaint (ECF No. 25).

2

## DISCUSSION

### I. Legal Standards

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). To establish liability against an official under § 1983, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions . . . violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

In evaluating a complaint or amended complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See*

*Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires the complaint to contain a short and plain statement showing that the plaintiff is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient facts to support the claim. *See Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (concluding that district court properly dismissed *pro se* complaint under § 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*); *accord Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (setting forth same standard of review).

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). And when—after being apprised of pleading deficiencies—the plaintiff fails to cure those deficiencies in an amended complaint, there is "clearly . . . no right to a second

amendment." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (when a plaintiff has been apprised of the deficiencies in his complaint and put on "the plainest notice of what was required," but has still not alleged any facts that plausibly state a claim for relief, dismissal without leave to amend is appropriate)).

## II. Analysis

### A. *Second Amended Complaint*

The allegations in Plaintiff's second amended complaint, ECF No. 30, largely track the allegations made in the original and amended complaints, ECF Nos. 1, 22. For this reason, and in accordance with the Court's previous orders, ECF Nos. 21, 25, Plaintiff's retaliation, failure to protect, equal protection, and defamation claims against Wolcott and Leone in their individual capacities will proceed to service. The Court further concludes that Plaintiff's allegations that John Doe participated in the conduct that labeled Plaintiff a snitch, ECF No. 30 at 11-13, present colorable retaliation, failure to protect, and defamation claims. Accordingly, the Court will order service upon John Doe.

### B. *Supplemental Complaint*

As an initial matter, any official capacity or state law claims asserted against the defendants named in the supplemental complaint—who are all alleged to be Attica employees—are dismissed without leave to amend for the reasons explained in the Court's initial screening order. ECF No. 21 at 10-11. Additionally, the claims related to Plaintiff's grievances, e.g., Defendants refusing to process his grievances,

ECF No. 30-1 at 12, are dismissed without leave to amend because "inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures do[] not give rise to a cognizable § 1983 claim." *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005); *see Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (summary order) (the plaintiff's "claim that defendants violated his due process rights by restricting his access to the prison's grievance procedures confuses a state-created procedural entitlement with a constitutional right").

Plaintiff's supplemental complaint alleges that on November 3, 2025, upon his return to Attica, he informed Sgt. Glazier (who is not a defendant to this lawsuit), that he is a "hit" and must be in protective custody. ECF No. 30-1 at 9 ¶ 4. Plaintiff was instead placed in general population and on November 6, 2025, "an incident took place" that prompted Plaintiff to sign into protective custody. *Id.* ¶ 5. Knowing that Plaintiff had named her in a lawsuit that he filed on February 22, 2025, Wolcott removed Plaintiff from protective custody on November 13, 2025, and returned him to the same block where gangs "tried to kill [him] in 2023." *Id.*

Plaintiff grieved Wolcott's conduct and in doing so wrote "a very serious request for protective custody." *Id.* ¶ 6. Indeed, a "grievance of th[at] magnitude had no reason to be in the hands of inmates." *Id.* ¶ 7. Nonetheless, defendants Guzerk, Wolcott, Jane Doe #1, and Jane Doe #2 disseminated it to other inmates. *Id.* at 6. The contents of the grievance "spoke about [Plaintiff] being a hit, it expressed retaliation from the

6

[Superintendent], it talked about [Plaintiff] being cut if left in population and much more." *Id.* at 9.

Guzerk, Wolcott, Jane Doe #1, and Jane Doe #2 "knew that general population would go back and spread the content of the grievance[,]" and indeed, "after that, word was 'everywhere' . . . [which] created '[] even more risk' to [his] safety." *Id.* at 11. In 2023, after Wolcott, Leone, and John Doe labeled him a snitch, inmates made two attempts on Plaintiff's life. ECF No. 1 at 5. With this as a backdrop, after Guzerk, Wolcott, Jane Doe #1, and Jane Doe #2 distributed his security grievance—in effect publishing proof of Plaintiff as a snitch—Plaintiff was forced to stay in his cell, "for almost 2 months until the Governor answered a letter from [him] [and placed] him in [protective custody on December 19, 2025]." ECF No. 31-1 at 11 ¶ 10. For purposes of screening, the Court finds that these allegations assert colorable retaliation, failure to protect, and defamation claims against Guzerk, Wolcott, Jane Doe #1, and Jane Doe #2.

C. *Excessive Force*

In both his second amended complaint and supplemental complaint, Plaintiff asserts an excessive force claim. ECF No. 30 at 7; ECF No. 30-1 at 6.

> Courts in this Circuit and others have found that "a guard's intentionally calling a prisoner a snitch in order to cause him harm by other inmates states an Eighth Amendment excessive force claim." In order to prevail on such a claim, Plaintiff must make "a showing that the inmate suffered actual harm as a result" of being labeled a snitch or, at the very least, "that the defendant[s'] actions gave rise to an excessive risk to the inmate's safety."

7

*Quezada v. Roy*, No. 14-CV-4056 (CM), 2017 WL 6887793, at *14 (S.D.N.Y. Dec. 14, 2017) (quoting *Watson v. McGinnis*, 964 F. Supp. 127, 132 (S.D.N.Y. 1997); *Abney v. Jopp*, 655 F. Supp. 2d 231, 233 (W.D.N.Y. 2009)); *see also Green v. City of N.Y. Dep't of Corr.*, No. 06-CIV-4978 (LTS)(KNF), 2008 WL 2485402, at *7 (S.D.N.Y. June 19, 2008) (noting that in cases cited by the plaintiff, "in which courts found viable Eighth Amendment claims premised on being labeled a 'snitch,' there were allegations or proffered evidence of actual physical harm"); *Snyder v. McGinnis*, No. 03-CV-0902E, 2004 WL 1949472, at *11 (W.D.N.Y. Sept. 2, 2004) (dismissing at screening plaintiff's claim premised on a defendant "calling him a snitch and child molester" because he alleged only "emotional injuries").

Plaintiff alleges that Defendants verbally called him a snitch and shared or distributed grievances that served to label him a snitch. ECF No. 30 at 6-7, 10-15; ECF No. 30-1 at 9-11. Further, after being labeled a snitch in 2023, two attempts were made on his life, ECF No. 1 at 5; ECF No. 30 at 14, 16, on November 6, 2025, an incident at Attica prompted him to sign into protective custody, and as a result of being labeled a snitch in 2025, he has been forced to either remain in his cell or be confined in protective custody, ECF No. 30-1 at 9 ¶ 5; 11 ¶ 11. Accepted as true, these allegations permit an inference that the defendants intentionally called him a snitch in order to cause him harm by other inmates and that the defendants' actions gave rise to an excessive risk to his safety. *Quezada*, 2017 WL 6887793, at *14.

8

Accordingly, the Court finds that Plaintiff fairly asserts a colorable excessive force claim. This claim shall be served upon all Defendants.[3]

## **ORDER**

IT HEREBY IS ORDERED that the retaliation, failure to protect, defamation, and excessive force claims shall be served upon all Defendants; Julie Wolcott and Stacey Leone shall also answer the equal protection claim; all other claims are dismissed without leave to amend; and it is further

ORDERED that pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), the Court requests that the New York State Attorney General, Rochester Regional Office ("Attorney General") ascertain the full names, with correct spelling, and last known service addresses for Sgt. Guzerk, John Doe, Jane Doe #1, and Jane Doe #2.[4] The Attorney General need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Plaintiff may properly serve the defendants as instructed by the Second Circuit in *Valentin*; and it is further

ORDERED that the Attorney General shall return the names and last known service addresses of Defendants by **March 27, 2026**, by mail to the Pro Se Litigation

---

[3] Whether Plaintiff can recover damages for both this species of excessive force claim and a failure to protect claim will not be decided at screening. At screening, Plaintiff is permitted to plead in the alternative. *See* Federal Rule of Civil Procedure 8(d); *VTech Holdings Ltd. v. Lucent Techs., Inc.,* 172 F. Supp. 2d 435, 443 (S.D.N.Y. 2001); *Breton v. City of New York*, 404 F. Supp. 3d 799, 814 (S.D.N.Y. 2019).

[4] Plaintiff alleges that on July 27, 2023, John Doe and Sgt. Leone showed a grievance to other inmates and called him a snitch and that this interaction was recorded. ECF No. 30 at 6-7. ECF No. 37 may also contain information that will assist in identifying John Doe. Plaintiff's allegations suggest that Guzerk, Jane Doe #1, and Jane Doe #2 might be identified by their presence at a November 25, 2025 grievance hearing. ECF No. 30-1 at 8.

9

Unit, United States District Court, 2 Niagara Square, Buffalo, NY 14202. Should the *Valentin* response return personally identifiable information such as a home address, that contact information shall be given to the Marshals Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

ORDERED that, once the Court receives Guzerk and the Doe Defendants' names and service addresses, the relevant pleadings shall be deemed amended to reflect their full names and the Clerk of Court shall update the docket sheet and cause the United States Marshals Service to serve the summons, second amended complaint (ECF No. 30), supplemental complaint (ECF No. 30-1), this order, and the Court's previous screening orders (ECF Nos. 21, 25) upon Defendants, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), all Defendants shall answer or otherwise respond to the retaliation, failure to protect, defamation, and excessive force claims; Julie Wolcott and Stacey Leone shall also answer or otherwise respond to the equal protection claim; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time

his- address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:   February 24, 2026
         Rochester, New York

                                        _____
                                        HON. MEREDITH A. VACCA
                                        UNITED STATES DISTRICT JUDGE

11